Lawrence R. Lonergan (LL-4744)
WOODS & LONERGAN, LLP
292 Madison Avenue, 22nd Floor
New York, NY 10017
(212) 684-2500
Fax: (212) 684-2512
*llonergan@wlesq.com*

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------

| | | |
|---|---|---|
| **AIMEE PONTRELLI,** | : | Civil Action No. |
| | : | 10 Civ 03961 |
| Plaintiff, | : | (DAB) |
| - against- | : | |
| | : | |
| **MECHANICAL TECHNOLOGIES, LLC,** | : | **ANSWER WITH** |
| **CHRISTOPHER PANZA, RICHARD** | : | **AFFIRMATIVE** |
| **FEMBLEAUX and LAWRENCE BOVICH,** | : | **DEFENSES**____ |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------

Defendants MECHANICAL TECHNOLOGIES, LLC, CHRISTOPHER PANZA, RICHARD FEMBLEAUZ and LAWRENCE BOVICH (Defendants), by their attorneys, Woods & Lonergan LLP, hereby answer the Complaint dated May 14, 2010 by Plaintiff AIMEE PONTRELLI (Plaintiff) as follows:

1.     Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 1 of the Complaint, and leave questions of law for determination by the Court.

2. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 2 of the Complaint, and leave questions of law for determination by the Court.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 7 of the Complaint, and leave questions of law for determination by the Court.

8. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 8 of the Complaint, and leave questions of law for determination by the Court.

9. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 9 of the Complaint, and leave questions of law for determination by the Court.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 11 of the Complaint, and leave questions of law for determination by the Court.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 20 of the Complaint

22. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 22 of the Complaint, and leave questions of law for determination by the Court.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 27 of the Complaint.

29. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 29 of the Complaint, and leave questions of law for determination by the Court.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 32 of the Complaint

34. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants lack the knowledge or information necessary to form a belief as to the truth or veracity of the allegations set forth in Paragraph 35 of the Complaint, and leave questions of law for determination by the Court.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants, and there is no basis in law or in fact for some or all of the relief requested in the Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. The Court lacks original jurisdiction, and/or should decline to exercise original jurisdiction, over Plaintiff's state law claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Defendants contend, on information and belief, that Plaintiff failed to make reasonable efforts to mitigate her alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Defendants at all times acted in good faith and with reasonable belief that its conduct complied with the Fair Labor Standards Act (FLSA) and New York Labor laws.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Some or all of Plaintiff's claims are barred by the doctrines of release, waiver, laches, and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claimed damages should be offset by loan advances and other payments made by Defendants that do not constitute wages under the FLSA or New York statutes.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

49. With respect to some or all claims brought by the Plaintiff, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith and were based upon reasonable factors.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

50. Some or all of the disputed time is not compensable pursuant to the *de minimus* doctrine under the FLSA.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

51. Defendants are not subject to "any liability or punishment" under the Fair Labor Standards Act of 1938, as amended, or New York State Labor Law, because Defendants acted in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage & Hour Division of the Department of Labor pursuant to 29 U.S.C. § 259 and/or New York State Labor Law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

52. Plaintiff has fully released Defendants from any and all liability or obligation herein.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

53. No liquidated damages should be awarded in this case because any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

54. Plaintiff is exempt from the requirements of the FLSA and New York Labor Law and its supporting regulations because Plaintiff was not Defendants' employee, as defined by the applicable statutes.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

54. Plaintiff is exempt from the minimum wage and overtime provisions of the FLSA and New York Labor Law and its supporting regulations by virtue of Plaintiff's status as an administrative employee.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

55. Plaintiff's claim of retaliation under the Fair Labor Standards Act is barred as there was a substantial temporal lag between Plaintiff's alleged protected activity and Defendants' alleged adverse employment action.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

56.    All or part of the time for which Plaintiff seeks compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

57.    Plaintiff's claim of retaliation under the Fair Labor Standards Act is barred as Defendants had legitimate, non-discriminatory and non-retaliatory reasons for terminating Plaintiff's employment.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

57.    Plaintiff's claim of retaliation under the Fair Labor Standards Act is barred as there was no causal relationship between Plaintiff's alleged protected activity and Defendants' alleged adverse employment action.

**AS AND FOR AN EIGHTTEENTH AFFIRMATIVE DEFENSE**

58.    Plaintiff has failed to establish a prima facie claim for discriminatory retaliation.

Defendants reserve the right to modify and supplement their Affirmative Defenses and to plead additional Affirmative Defenses to the claims of the

Plaintiff based upon such facts and circumstances as become known to them subsequent to the date hereof.

WHEREFORE Defendants respectfully request an Order of this Court dismissing the Complaint, together with the costs and disbursements of this action, and that Plaintiff be denied all relief requested therein.

Dated: July 28, 2010
      New York, New York

**WOODS & LONERGAN, LLP**
**Attorney for Defendants**


By:_____/S/_____
Lawrence R. Lonergan, Esq.
(LL-4744)
Woods & Lonergan, LLP
292 Madison Avenue, 22nd Floor
New York, NY 10017
Telephone: (212) 684-2500
Fax: (212) 684-2512
E-mail: llonergan@wlesq.com

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing was sent by regular mail on this 28th day of July, 2010 to the following counsel of record:

Todd G. Krakower, Esq,
Glass Krakower LLP
20 Broadway, Suite 1
Valhalla, NY 10595

        By:_____/S/_____
        Lawrence R. Lonergan, Esq. (LL-4744)
        Woods & Lonergan, LLP
        292 Madison Avenue, 22nd Floor
        New York, NY 10017
        Telephone: (212) 684-2500
        Fax: (212) 684-2512
        E-mail: llonergan@wlesq.com